# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ALLIANCE LAUNDRY SYSTEMS     *
LLC

     Plaintiff,                *

     v.                       *             CIVIL NO. JKB-18-2802

EXCELLENT SERVICES       *
LAUNDROMAT LLC, et al.

     Defendants.       *

    *     *     *     *     *     *     *     *     *     *     *     *

## MEMORANDUM AND TEMPORARY RESTRAINING ORDER

This case was filed on September 10, 2018, by Plaintiff Alliance Laundry Systems LLC ("Alliance") against Excellent Services Laundromat LLC ("Excellent Services") and Gbeku Gregory Wright seeking replevin and ancillary injunctive relief, as well as money judgments for unpaid debts. (Compl., ECF No. 1.) Filed with the complaint was Alliance's motion for temporary restraining order ("TRO") and preliminary injunction. (ECF No. 2.) The Court set a hearing for yesterday and directed Alliance to use reasonable efforts to notify Defendants of the order entered yesterday scheduling the hearing. (Order, Sept. 10, 2018, ECF No. 3.) Plaintiff's counsel stated at the hearing that the Court's order was forwarded by email to Defendant Wright's known email address, and that counsel made multiple attempts to contact Mr. Wright prior to the hearing, including by phone and by text message. He received no reply.

The Court is persuaded by the written materials in the record and by counsel's argument at the hearing that Alliance has satisfied the requirements for a TRO.

Accordingly, the Court will grant the motion in part, insofar as it requests entry of a TRO enjoining Defendants from, *inter alia,* selling, leasing, damaging, or otherwise disposing of collateral in the form of business equipment, or from transferring, expending, or otherwise disposing of any funds or proceeds derived from the collateral. However, the Court will deny the motion in part, insofar as it seeks to enjoin Defendants from moving any and all monetary or liquid assets outside of the State of Maryland. The Court will reserve ruling on the motion insofar as it requests a preliminary injunction and an order authorizing a subpoena for Defendants to appear for deposition. The Court will set a hearing to consider whether to enter preliminary injunctive relief and to address orders related to depositions.

## I.    *Factual Allegations*

As alleged in Alliance's complaint, Alliance Laundry Systems LLC is a limited liability company organized under Delaware law and with a principal place of business in Wisconsin. (Compl. ¶ 1.) Excellent Services Laundromat LLC is a coin-operated laundry business or laundromat, organized as a limited liability company under Maryland law and with multiple locations, including its principal place of business, in Maryland. (*Id.* ¶ 2.) On information and belief, Alliance alleges that Defendant Wright is the principal of Excellent Services and a Maryland resident. (*Id.* at 3.)

On July 30, 2015, Excellent Services executed a promissory note ("the Note") in favor of Alliance to finance the purchase of laundry equipment. (*Id.* ¶ 6.) The Note was in the principal amount of $244,095.56. (*Id.*) The Note was twice amended to modify the payment schedule, once on July 15, 2016, and once on June 28, 2017. (*Id.*) The Note required Excellent Services to make monthly payments. (*Id.*) It further provided that

2

"failure to make any payment when due constituted an event of default" and that, "upon default, Alliance may declare the entire unpaid principal balance under the Note and all accrued unpaid interest immediately due and payable," and Alliance may "collect all amounts owing from Excellent Services." (*Id.* ¶¶ 7-9.) In addition, the Note provided that Excellent Services would pay "all of Alliance's costs of enforcement and collection, including Alliance's reasonable attorney's fees of at least 20% of the remaining principal balance and actual costs." (*Id.* ¶ 11.)

On August 3, 2015, Alliance and Excellent Services executed a Security Agreement in connection with the Note. (*Id.* ¶ 23.) Under the Security Agreement, "Excellent Services granted Alliance a security interest in all of the equipment financed by Alliance including, without limitation, all washers and dryers, whether coin-operated or cashless, and all items of equipment ancillary to usage in a laundromat with respect to which Alliance financed, including without limitation bulkheads, boilers, soap dispensers, coin changers, card systems, together with the software incorporated into or used in connection with any of the foregoing items and in proceeds of its collateral." (*Id.* ¶ 24.) The Security Agreement included a list of Pledged Equipment covered by the Security Agreement. (Schedule B, Compl. Ex. E, ECF No. 1-5, at 5.) Alliance did in fact finance the acquisition of the Pledged Equipment, which Excellent Services used in its Towson and Patapsco locations. (Compl. ¶ 27.) Alliance perfected its security interest by filing a UCC-1 financing statement with the Maryland Department of Assessments and Taxation ("SDAT"). (*Id.* ¶ 26.)

Also on August 3, 2015, Wright also executed a Guaranty in connection with the Note. (*Id.* ¶ 18.) Under the Guaranty, Wright "absolutely and unconditionally

guaranteed full and punctual payment and satisfaction of all obligations owed to Alliance by Excellent Services," including obligations under the Note. (*Id.*)

Alliance alleges that Excellent Services failed to make required payments due under the Note, constituting a default of Excellent Service's obligations under the Note and Security Agreement and of Wright's obligations under the Guaranty. (*Id.* ¶¶ 10, 19, 38.) Alliance made a demand for payment to Excellent Services by letter ("Notice of Default") dated May 31, 2018, which indicated that Excellent Services had failed to make any payments after March 16, 2018. (*Id.* ¶ 12; Notice of Default at 1, Compl. Ex. B, ECF No. 1-2.) The Notice stated that, if Excellent Services failed to pay the amounts due, plus interest and late charges totaling $8,437.26, by June 15, 2018, Alliance would accelerate the loan and declare the full amount of $229,582.38 to be due. (Notice of Default at 1.) It also stated that, in the event of failure to cure default, Alliance may exercise its rights under the Note and Security Agreements, including "the right to repossess the collateral for this transaction and to hold you personally responsible for any difference between the amount the property brings in sale and the remaining balance at the time of sale," to collect "the cost of repossession, storage costs, legal fees, repairs, and the cost of sale," and to seek attorney fees "of at least 20% of the remaining principal balance and actual attorney costs," in the event of legal action. (*Id.*)

Alliance alleges that Excellent Services failed to make the required payments after the Notice of Default. (Compl. ¶ 13.) Thereafter, Alliance sent a Final Demand by letter on June 14, 2018, "accelerat[ing] all amounts due and coming due under the Note." (*Id.*) The Final Demand also stated that, if Excellent Services failed to pay all amounts

due by June 24, 2018, Alliance may pursue legal action, including action to re-take possession of the Pledged Equipment. (*Id.* ¶¶ 13, 32.)

Alliance alleges that Excellent Services failed to make any further payments. (*Id.* ¶ 14.) Accordingly, Alliance states that, as of August 20, 2018, the total amount due under the Note was $227,086.59, which includes the following:

- Principal amount of $220,708.97;

- Interest in the amount of $4,840.84; and

- Late fees in the amount of $1,536.78.

(*Id.* ¶ 15.) Interest under the Note continues to accrue until judgment. (*Id.*)

## II.    Standard for Preliminary Injunctive Relief

In *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), the Supreme Court set forth the following standard for preliminary injunctive relief:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

*Id.* at 20. Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.* at 22. Courts are called upon to balance a plaintiff's claims of injury against the burdens to be imposed upon the defendant, and they must "pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.* at 24. The same standard applicable to preliminary injunctive relief is applicable to the question of whether a TRO should issue. *Long v. Bd. of Educ., Dist. 128*, 167 F. Supp. 2d 988, 990 (N.D. Ill. 2001); *Perdue Farms, Inc. v. NLRB*, 927 F. Supp. 897, 904 (E.D.N.C. 1996).

### III. Analysis

Having considered the various exhibits and affidavits submitted in support of Plaintiff's motion, the Court concludes that each of the four *Winter* factors has been satisfied: Plaintiff has demonstrated a likelihood of success on the merits of their action, a likelihood of irreparable harm in the absence of preliminary relief, that the balance of equities tips in favor of granting most of Plaintiff's requested relief, and that granting the TRO is in the public interest.

### IV. Conclusion

The Court concludes that Alliance Laundry Systems LLC is entitled to a grant of injunctive relief in a temporary restraining order.

Accordingly, it is hereby ORDERED:

1. Plaintiff's motion (ECF No. 2) is GRANTED IN PART such that the Court herewith enters a TEMPORARY RESTRAINING ORDER: Defendant Excellent Services Laundromat, LLC, and its officers, directors, members, employees, and agents acting on its behalf ARE ENJOINED as follows:

    a. Excellent Services Laundromat, LLC, is enjoined from selling, leasing, concealing, disposing, moving, removing any part from, dismantling or damaging the Pledged Equipment listed on Schedule B of the Security Agreement (Compl. Ex. E, ECF No. 2-5, at 5), other than to return the Pledged Equipment to Alliance or its designee; and

    b. Excellent Services Laundromat, LLC, is enjoined from transferring, or expending any part of any funds or proceeds from any account having funds derived directly or indirectly from any sale, lease, disposition or

use of the Pledged Equipment, even if commingled with other funds, pending further Court order.

2. Plaintiff's Motion is DENIED IN PART insofar as it requests that the Court enjoin Defendants from moving any monetary or liquid asset out of the State of Maryland. The Court concludes that the scope of injunctive relief granted will sufficiently protect Plaintiff's security interest in the Pledged Equipment and proceeds or funds derived therefrom.

3. Plaintiff SHALL POST security of $10,000 with this Court by 5:00 pm, Friday, September 14, 2018.

4. Defendant SHALL APPEAR for a hearing on Plaintiff's motion for preliminary injunctive relief before this Court on Wednesday, September 19, 2018, at 2:30 p.m., in Courtroom 3D, United States Courthouse, 101 W. Lombard Street, Baltimore, Maryland 21201. At that time, the Court will also take up Plaintiff's request for authorization of a subpoena for Defendants to appear for deposition.

5. This TEMPORARY RESTRAINING ORDER remains in effect until 12:01 a.m. on September 27, 2018, unless vacated or modified prior to that date and time and is further subject to renewal on Plaintiff's motion.

6. Plaintiff's counsel SHALL ensure that this Order is served by hand upon the business address of Excellent Services Laundromat, LLC, located at 1011 E. Patapsco Avenue, Baltimore, MD 21225, and upon the home address of Mr. Gbeku Wright at 7411 Farmcrest Drive, New Carollton, MD 20784, and by overnight express delivery to Mr. Wright's home address. Plaintiff SHALL further file an Affidavit of Service promptly thereafter.

DATED this 12th day of September, 2018, at 5:30 p.m.

BY THE COURT:

James K. Bredar
Chief Judge